421 So.2d 501 (1982)
THE FLORIDA BAR, Complainant,
v.
Robert P. BUDISH, Respondent.
No. 59501.
Supreme Court of Florida.
October 28, 1982.
*502 John F. Harkness, Jr., Executive Director and Stanley A. Spring, Staff Counsel, Tallahassee, and Jacquelyn Plasner Needelman, Bar Counsel, Fort Lauderdale, of The Florida Bar, for complainant.
Robert P. Budish, in pro. per.
PER CURIAM.
We have for review the report and recommendation of the referee. Jurisdiction is pursuant to article V, section 15, Florida Constitution.
The report of the referee included the following findings:
As to Count I
1. Based on instructions of Respondent or his agent, the October 10, 1979 edition of the Miami Herald carried an advertisement indicating that Respondent's legal clinic would charge $75.00 plus costs to perfect a change of name.
2. After reading the advertisement, Ms. Florence Valentino telephoned Respondent's office and made an appointment for an office conference.
3. On October 23, 1979, Ms. Valentino went to Respondent's office at the appointed time. Respondent told Ms. Valentino that it would cost her $100.00 in attorney's fees and $44.00 for costs to perfect a change of name. Ms. Valentino immediately issued a check to Respondent for $144.00.
As to Count II
4. Based on instructions of Respondent or his agent, between April 23, 1979 and May 23, 1979, the Hollywood Sun Tattler carried an advertisement indicating that Respondent's legal clinic would not charge for an initial consultation.
5. After reading the advertisement, Mrs. Wilma Knapp telephoned Respondent's office and made an appointment for a consultation.
6. On May 23, 1979, Mrs. Knapp went to Respondent's office at the appointed time and spoke with Respondent regarding her dissolution of marriage proceedings.
7. At the conclusion of the five (5) minute consultation, Respondent or his agent requested payment of $35.00. Mrs. Knapp immediately issued a check to Respondent for $35.00.
8. Respondent performed no additional work for Mrs. Knapp and has refused to refund the $35.00 payment.
As to Count III
9. Respondent had been doing business under the name of Citizens Legal Services of Hollywood, Inc.
10. Citizens Legal Services of Hollywood, Inc. employed Stewart Doe as its president. Stewart Doe is not an attorney.
The referee recommended that respondent be found guilty as to all counts, and that he receive a private reprimand and be placed on probation with the following conditions:
*503 1. that respondent be placed on probation for a period of three (3) years;
2. that, during the probationary period, respondent's work be supervised by a member of The Florida Bar, who is approved by The Florida Bar and respondent;
3. that respondent submit monthly reports to The Florida Bar designating the cases he is handling, and the status of said cases;
4. that respondent take and pass the ethics portion of The Florida Bar examination within one year from the date of the Supreme Court's order; and
5. that respondent submit to psychiatric treatment if deemed necessary during his probationary period.
The referee further recommended that respondent make restitution to Ms. Valentino concerning Count I, and to Mrs. Knapp in the amount of $35.00 concerning Count II.
We do not believe that the referee's recommendation of a private reprimand is appropriate in this case. Although the referee properly considered respondent's drug problem and his subsequent rehabilitation as mitigating circumstances in making his recommendation, in view of the nature of respondent's misconduct, a public reprimand is appropriate.
The public should be able to rely on and have confidence in the truthfulness of an attorney's advertisement to the public. In this case, two clients were misled by respondent's false and misleading advertisements. False and deceptive advertising has a great potential for harm, and when an attorney publicly misleads or deceives the public, the public is entitled to be properly informed that such conduct is in violation of this Court's advertising rules and regulations, and that the offending attorney has in fact been disciplined. A private reprimand does not adequately apprise the public of these matters. Only through a public reprimand are the interests of the public protected.
With respect to the referee's recommendation of probation and conditions of probation, we find that these recommendations are unrelated to respondent's misconduct and unnecessary for his rehabilitation or the protection of the public interest. Respondent is not charged with rendering incompetent legal services. Rather, he is charged with the advertisement of false and misleading statements in violation of Disciplinary Rules 1-102(A)(4), 2-101(A), 2-101(B)(3) and (6) and the employment of a non-lawyer as president of his legal clinic in violation of Disciplinary Rules 2-102(B), 5-107(C) and Florida Bar Integration Rule, article II, section 7. Given the nature of these violations, we do not feel that the placement of respondent on supervised probation for a period of three years would assist in his rehabilitation, or promote the public's interest. Also, concerning the recommendation that respondent submit to psychiatric treatment if deemed necessary, we believe that this requirement is unnecessary inasmuch as the referee indicated in his recommendation that a psychiatrist had previously determined that respondent was not in need of psychiatric treatment.
For the foregoing reasons, we do not accept all of the referee's recommendation for disciplinary action, and instead find that the appropriate remedy in this case is for respondent to be required to make restitution and be given a public reprimand without probation or additional disciplinary action, and that he shall take and pass the ethics portion of The Florida Bar examination within one year from the date of this order.
Costs in the amount of $751.25 are assessed against respondent.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON, McDONALD and EHRLICH, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
BOYD, Justice, concurring in part and dissenting in part.
I concur in the public reprimand and the imposition of costs of this proceeding *504 against respondent. I would adopt the referee's findings that respondent violated the Code of Professional Conduct. I do not feel that the placement of respondent on supervised probation for a period of three years would assist in his rehabilitation, or promote the public's interest. Similarly, except for any punitive effect, I fail to see how the referee's recommendation that respondent take and pass the ethics portion of the Florida Bar Examination would be beneficial to either the public or respondent. Finally, concerning the recommendation that respondent submit to psychiatric treatment if deemed necessary, I believe that this requirement is unnecessary inasmuch as the referee indicated in his recommendation that a psychiatrist had previously determined that respondent was not in need of psychiatric treatment.